**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

**STATE TREASURER,**

    **Plaintiff,**

    v.                          **CIVIL ACTION NO. 2:08-CV-13018
HONORABLE NANCY G. EDMUNDS
UNITED STATES DISTRICT JUDGE**

**MICHAEL GARRISON, et. al.,**

    **Defendants,**
_____/

## **OPINION AND ORDER OF SUMMARY DISMISSAL**

This matter is before the Court on Defendant Michael Garrison's *pro se* request for removal of a civil action from the Wayne County Circuit Court to this Court pursuant to 28 U.S.C. § 1446. Defendant Garrison is a state inmate who is currently confined at the Pugsley Correctional Facility in Kingsley, Michigan. Upon review of defendant Garrison's case and his litigation history in the federal courts, this Court concludes that his request for removal must be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).

### **I. Background**

Title 28 U.S.C. § 1914(a) provides that "[t]he clerk of each district court shall require the parties instituting any civil action, suit or proceeding in such court, whether by original process, removal or otherwise, to pay a filing fee of

1

$350 ...." *See also Owens v. Keeling,* 461 F. 3d 763, 773 (6th Cir. 2006). Defendant Garrison has failed to provide the $350.00 filing fee when he filed his request for removal. The Prisoner Litigation Reform Act of 1995 (PLRA) states that "if a prisoner brings a civil action or files an appeal *in forma pauperis*, the prisoner shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1)(as amended). *See also In Re Prison Litigation Reform Act,* 105 F. 3d 1131, 1138 (6th Cir. 1997). The *in forma pauperis* statute, 28 U.S.C. § 1915(a), does provide prisoners the opportunity to make a "downpayment" of a partial filing fee and pay the remainder in installments. *See Miller v. Campbell,* 108 F. Supp. 2d 960, 962 (W.D. Tenn. 2000). Because Garrison has not submitted the necessary $350.00 filing fee for a civil action, the Court will also construe his complaint as a request to proceed *in forma pauperis*. *See Nance v. Brownlee,* No. 2007 WL 1289909, * 1 (W.D. Va. 2007).

A search of federal court records indicates that defendant Garrison has four prior civil rights complaints that have been dismissed by federal courts for being frivolous, malicious, or for failing to state a claim upon which relief could be granted. *See Garrison v. Asset Acceptance Corporation, et. al.,* U.S.D.C. No. 07-CV-11953 (E.D. Mich. May 9, 2007)(Steeh, J.); *Garrison v. M.D.O.C.,* U.S.D.C. No. 01-CV-0035 (W.D. Mich. August 14, 2001)(McKeague, J.); *Garrison v. Braddock, et. al.,* U.S.D.C. 98-CV-00246 (W.D. Mich. September 3, 1998)(Miles, J.); *Garrison v. Handlon MI Training,* U.S.D.C. No. 94-CV-60293-DT (E.D. Mich.

March 8, 1995)(La Plata, J.). Subsequent to the dismissal of these four actions, plaintiff filed a § 1983 complaint with another prisoner. On April 2, 2008, Garrison was ordered to show cause by Magistrate Judge R. Steven Whalen why his portion of the complaint should not be dismissed pursuant to 28 U.S.C. § 1915(g) on the ground that he had four prior civil rights complaints which had been dismissed for being frivolous. After being given an extension of time to respond to the order to show cause, defendant Garrison paid his portion of the filing fee in full. *Catanzaro v. Michigan Department of Corrections, et. al.* U.S.D.C. No. 08-CV-11173 (E.D. Mich. )(Ludington, J.). This action remains pending before Judge Ludington. [1]

## II. Discussion

Under the Prison Litigation Reform Act of 1995 ("PLRA"), Pub.L.No. 104-134, 110 Stat. 1321 (April 26, 1996), a federal court may dismiss a case if, on 3 or more previous occasions, a federal court dismissed the incarcerated plaintiff's action because it was frivolous or malicious or failed to state a claim for which relief may be granted. *See*, 28 U.S.C. § 1915(g) (1996); *Thaddeus-X v. Blatter*, 175 F. 3d 378, 400 (6th Cir. 1999); *Witzke v. Hiller,* 966 F. Supp. 538, 540 (E.D. Mich. 1997)(Gadola, J.). The three strikes provision of the PLRA prohibits a

---

[1] This Court obtained this information about plaintiff's pending case from the website of the United States District Court for the Eastern District of Michigan. Public records and government documents, including those available from reliable sources on the Internet, are subject to judicial notice. *See United States ex. rel. Dingle v. BioPort Corp.,* 270 F. Supp. 2d 968, 972 (W.D. Mich. 2003). A district court is permitted to take judicial notice of its own files and records in a a prisoner civil rights case. *See e.g. Mangiafico v. Blumenthal,* 358 F. Supp. 2d 6, 9-10 (D. Conn. 2005).

prisoner, who has had three prior suits dismissed for being frivolous, from proceeding *in forma pauperis* in a civil rights suit absent an allegation that the prisoner is in imminent danger of serious physical injury. *McFadden v. Parpan*, 16 F. Supp. 2d 246, 247 (E.D.N.Y. 1998). A federal district court may *sua sponte* raise the three strikes provision of the PLRA on its own initiative. *Witzke,* 966 F. Supp. at 539; *McFadden*, 16 F. Supp. 2d at 247. Moreover, the federal courts in general, and this Court in particular, can take judicial notice of a plaintiff's prior dismissals for purposes of § 1915(g). *Green v. Nottingham*, 90 F. 3d 415, 418 (10th Cir. 1996); *Anderson v. Sundquist*, 1 F. Supp. 2d 828, 830 (W.D. Tenn. 1998).

In the present case, defendant Garrison has four prior civil rights complaints which were dismissed for being frivolous, malicious, or failing to state a claim upon which relief could be granted. More importantly, Garrison was advised by another judge in this district only three months ago that he was precluded from proceeding *in forma pauperis* in another civil rights action pursuant to § 1915(g) because of these four prior dismissals. As the Seventh Circuit has noted: "An effort to bamboozle the court by seeking permission to proceed in forma pauperis after a federal judge has held that § 1915(g) applies to a particular litigant will lead to immediate termination of the suit." *Sloan v. Lesza,* 181 F. 3d 857, 859 (7th Cir. 1999). In this case, defendant Garrison has committed what is tantamount to a fraud upon this Court by implicitly requesting

4

*in forma pauperis* status without revealing that another judge in this district has previously precluded him from proceeding *in forma pauperis* pursuant to § 1915(g). *See Fields v. Gilmore,* 145 F. Supp. 2d 961, 963 (C.D. Ill. 2001).

Moreover, defendant Garrison has not alleged any facts which would establish that he is in imminent danger of serious physical injury, and thus, he does not come within the exception to the mandate of 28 U.S.C.§ 1915(g), which prohibits him from proceeding *in forma pauperis* in light of his four prior frivolity dismissals. *Mulazim v. Michigan Dept. of Corrections,* 28 Fed. Appx. 470, 472 (6th Cir. 2002). Plaintiff's claim that the freezing of his prison account has resulted in the denial of his basic hygiene needs and has denied him his right of access to the courts does not fall within the imminent danger exception to 28 U.S.C.§ 1915(g). *See Peeples v. Bradshaw,* 110 Fed. Appx. 590, 591 (6th Cir. 2004). Likewise, Garrison's claim that the freezing of his assets has deprived him of the right to practice his religion likewise fails to establish that he is in imminent danger of serious physical injury, so as to permit Garrison to proceed *in forma pauperis* in spite of his prior frivolity dismissals. *Mulazim,* 28 Fed. Appx. 471-72. Plaintiff's complaint is therefore subject to dismissal pursuant to § 1915(g). Plaintiff may, however, resume any of the claims dismissed under § 1915(g) if he decides to pay the filing fee under the fee provisions of 28 U.S.C. § 1914. *Witzke v. Hiller,* 966 F. Supp. at 540.

Since plaintiff has had four prior cases dismissed against him for being

5

frivolous, malicious, or failing to state a claim, 1915(g) bars him from appealing *in forma pauperis. See Drummer v. Luttrell*, 75 F. Supp. 2d 796, 805-806 (W.D. Tenn. 1999). The Court therefore refuses to certify that any appeal from this dismissal would be in good faith.

### III. ORDER

IT IS HEREBY **ORDERED** that Defendant Michael Garrison's *in forma pauperis* status is **DENIED** and the complaint is **DISMISSED** pursuant to 28 U.S.C. § 1915(g).

IT IS FURTHER **ORDERED** AND CERTIFIED that any appeal taken by Defendant Garrison would not be done in good faith.

                                                 s/Nancy G. Edmunds
                                                 **Nancy G. Edmunds**
                                                 **United States District Judge**

**Dated: July 21, 2008**

**I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on July 21, 2008, by electronic and/or ordinary mail.**

                                                 **s/Carol A. Hemeyer**
                                                 **Case Manager**